**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

INTERNATIONAL OUTDOOR, INC.,

    Plaintiff,

v.

                                                     Civil No. 07-15125
                                                   Hon. Lawrence P. Zatkoff

THE CITY OF ROMULUS,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on Defendant's motion for reconsideration, filed on November 12, 2008 [dkt 33]. Defendant challenges the Court's October 29, 2008, opinion and order granting Plaintiff's motion for partial summary judgment [dkt 18], granting Plaintiff's motion for partial summary judgment as to counts II–IV of first amended complaint [dkt 24], and denying Defendant's motion for summary judgment and/or to dismiss [dkt 25]. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Defendant presents four issues that it believes warrant reconsideration by the Court. First,

Defendant informs the Court that it passed amended ordinances, which became effective on August 22, 2008. Among other changes, the new sign ordinance contains a statement of purpose, the lack of which figured prominently in the Court's opinion and order striking down the former ordinance. Second, Defendant argues that the original ordinance's lack of a statement of purpose does not render it unconstitutional. Third, Defendant maintains that its zoning ordinance was a valid time, place, and manner restriction that did not operate as a prior restraint. Finally, Defendant observes that the original ordinance did, in fact, contain a severability clause whereby unconstitutional provisions may be excised by the Court without disrupting the balance of the ordinance. With respect to Defendant's second and third arguments, the Court finds that Defendant's motion "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). Therefore, the Court finds reconsideration inappropriate on these bases.

At some point in July 2008, Defendant began consideration of amended ordinances. The dispositive motions in this matter were filed on April 11, 2008, and August 6, 2008. The reply briefs to the August 6 motions were filed on September 12, 2008. On August 22, 2008, the amended ordinances became effective. The Court did not render its decision in this matter until October 29, 2008. At no point did Defendant bring the amended ordinances to the Court's attention. Thus, the Court issued its opinion based on the facts of the case before it and sees no reason to upset its decision as applicable to the ordinances before it. Defendant cites to *Brandyvine, Inc. v. City of Richmond*, 359 F.3d 830 (6th Cir. 2004), for the proposition that the amended ordinances render Plaintiff's request for injunctive relief moot. In that case, however, the amendments were brought to the court's attention prior to issuing its decision. Defendant may very well have had a mootness argument, but it elected not to inform the Court that the disputed ordinances had been amended

despite the fact that two months passed between the implementation of the amended ordinances and the issuance of the Court's opinion. Under these circumstances, Defendant has not established a palpable defect in the Court's analysis of the ordinances then before it.

The only remaining issue from Defendant's motion for reconsideration is the impact of its zoning ordinance's severability clause on the Court's October 29, 2008, opinion and order. In its motion, Defendant "requests the right to address specific sections and their severability after the specific constitutional and unconstitutional provisions have been identified." To accommodate this request, the Court will not examine the impact of Defendant's severability clause in this order but will do so separately and provide Defendant an opportunity to respond to the Court's findings in the form of a motion for reconsideration. With respect to the remainder of Defendant's motion and because of the foregoing reasons, Defendant's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 10, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 10, 2008.

                                   s/Marie E. Verlinde
                                   Case Manager
                                   (810) 984-3290